FILED
United States Court of Appeals
Tenth Circuit

July 9, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

TIMOTHY C. JORDAN,

     Plaintiff - Appellant,

v.

DILLON COMPANIES,
d/b/a King Soopers, Inc.,

     Defendant - Appellee.

No. 14-1505
(D.C. No. 1:13-CV-02757-REB-MJW)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **PHILLIPS**, and **McHUGH**, Circuit Judges.
_____

Plaintiff Timothy C. Jordan appeals from the district court's grant of summary judgment in favor of Dillon Companies, doing business as King Soopers, Inc., (King Soopers) on his claim that he was terminated on the basis of his gender in violation of

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq.[1] We have jurisdiction under 28 U.S.C. § 1291, and affirm.

I.

We only briefly recite the undisputed evidence, which is thoroughly described in the district court's order. Mr. Jordan was employed as a butcher block clerk at a King Soopers grocery store, where he sometimes worked the seafood counter. He was supervised by Molly Gannon and Debbie Villareal, and the store manager was Scott Brinson. Mr. Brinson had authority to terminate employees; Ms. Gannon and Ms. Villareal did not. Mr. Jordan presented evidence which he argues shows Ms. Gannon was biased against men. He alleges Ms. Gannon, who is deceased, said she did not like working with men; gave preferential treatment in scheduling hours to a woman employee, Dana Rock; complained to Mr. Brinson in January 2012, that Mr. Jordan made inappropriate sexual remarks and used vulgar language; and encouraged a female employee, Dana Rock, to submit complaints to Mr. Brinson about Mr. Jordan.[2]

---

[1] Mr. Jordan also asserted a Title VII retaliation claim, but does not appeal the district court's grant of summary judgment in favor of King Soopers on that claim.

[2] In January 2012, Ms. Gannon and Ms. Villareal complained to Mr. Brinson that Mr. Jordan failed to follow their directions and talked down to them. That same month, Ms. Gannon submitted a written statement that Mr. Jordan used vulgar language and made inappropriate sexual comments to her and other employees. Ms. Rock also submitted a complaint accusing Mr. Jordan of frequently making inappropriate sexual remarks, being verbally abusive, and threatening her. Mr. Jordan was counseled by Mr. Brinson in January 2012, and "put on notice . . . that any further issues with harassment [might] result in [his] immediate termination." Aplt. App., Vol. II, at 100.

On March 16, 2012, Ms. Rock was working the first shift at the seafood counter when she noticed a knife wrapped in butcher block paper sticking point up in the trash can. The knife had a 12-inch blade. Mr. Jordan had worked the closing shift at the seafood counter the night before. Ms. Rock notified Ms. Gannon, who immediately summoned Mr. Brinson. Ms. Rock moved the trash can into the back room and took photos of the knife in the trash can, which she turned over to Mr. Brinson. Mr. Brinson testified that Ms. Gannon never suggested to him that Mr. Jordan was responsible or that he be terminated.

Mr. Brinson reviewed video from one of three surveillance cameras in the store, testifying it was the only camera overlooking the seafood case and the trash can. He concluded from his review that Mr. Jordan had scooped up the knife along with butcher paper while he was cleaning up and tossed the paper and knife in the trash. At Mr. Brinson's request, the store's loss prevention department also reviewed the video and also concluded Mr. Jordan had put the knife in the trash when he threw out butcher paper. Mr. Brinson interviewed Mr. Jordan, who denied putting the knife in the trash, but said he might have thrown it away with the butcher paper. Mr. Jordan recalled picking up and washing the knife, and putting more than one layer of butcher paper in the trash, but said he had not intentionally thrown out a knife.

Mr. Brinson informed King Soopers' labor relations department and his supervisor about his observations and conclusions, and both recommended Mr. Jordan be terminated. Mr. Brinson testified that throwing a knife in the trash was

3

a safety violation whether it was thrown out intentionally or accidentally. Mr. Brinson terminated Plaintiff on March 23, 2012. He testified that he did not consult with Ms. Gannon or Ms. Rock about his investigation or his termination decision.

Mr. Jordan filed suit alleging unlawful discrimination under Title VII. He did not contend Mr. Brinson had any gender bias against him, but rather, alleged that Ms. Gannon's hostility toward men was the cause of Mr. Brinson's termination decision. The district court considered his discrimination claim under the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04 (1973). Under that framework, "the plaintiff bears the initial burden of establishing a prima facie case of sex discrimination, whereupon the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for the discharge, and then back to the plaintiff to show that the stated reason is pretextual." *Argo v. Blue Cross & Blue Shield of Kan., Inc.*, 452 F.3d 1193, 1201 (10th Cir. 2006).

The district court assumed, purely for the sake of argument, that Mr. Jordan had met his burden to establish a prima facie reverse discrimination claim.[3] The court ruled that King Soopers met its burden to show a legitimate, nondiscriminatory reason for terminating Mr. Jordan, who failed to present evidence that King Soopers'

---

[3] Similarly, we express no opinion as to whether Plaintiff's evidence was sufficient to establish a prima facie case of reverse gender discrimination, and simply assume for argument's sake that he met this burden. *See Argo*, 452 F.3d at 1201 (holding a plaintiff alleging reverse discrimination must present evidence that supports an inference the defendant "is one of those unusual employers who discriminates against the majority." (internal quotation marks omitted)).

explanation was merely a pretext for discrimination. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 143 (2000) (holding plaintiff must show "that the employer's proffered explanation is unworthy of credence" to establish pretext (internal quotation marks omitted)).

Mr. Jordan argued that he could establish pretext under a subordinate bias theory, arguing his evidence of Ms. Gannon's bias against men should be imputed to Mr. Brinson. The district court ruled he had failed to present evidence from which a reasonable jury could conclude Ms. Gannon caused Mr. Brinson's termination decision. The court cited the evidence that Ms. Gannon never suggested to Mr. Brinson that Mr. Jordan was responsible for the knife being in the trash, never recommended Mr. Jordan be terminated, and that Mr. Brinson conducted an independent investigation and reached his own conclusion that Mr. Jordan threw out the knife and should be fired. Accordingly, the district court granted summary judgment in favor of King Soopers.

## II.

Mr. Jordan appeals. He argues the district court misapplied the "subordinate bias" doctrine. "We review the district court's summary judgment order de novo, and apply the same legal standards as did the district court." *Ward v. Jewell*, 772 F.3d 1199, 1202 (10th Cir. 2014) (internal quotation marks and bracket omitted). "We must view the factual record and make reasonable inferences therefrom in the light most favorable to the party opposing summary judgment." *Bohn v. Park City Grp., Inc.*, 94 F.3d 1457, 1460 (10th Cir. 1996). Summary judgment is appropriate

5

when "the movant shows that there is no genuine dispute as to any material fact and [it] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "An issue is 'genuine' if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Becker v. Bateman*, 709 F.3d 1019, 1022 (10th Cir. 2013) (quoting *Adler v. Wal-Mart Stores, Inc*., 144 F.3d 664, 670 (10th Cir. 1998)).

Discriminatory animus may be imputed to a neutral decisionmaker under a "subordinate bias" theory if (1) a supervisor performed an act motivated by animus that was intended to cause an adverse employment action, and (2) the act was a proximate cause of the adverse employment action. *See Staub v. Proctor Hosp*., 562 U.S. 411, ——, 131 S. Ct. 1186, 1194 (2011). "[T]he theory does not apply when decision-makers conduct their own investigations without relying on biased subordinates." *Ward*, 772 F.3d at 1205.

Mr. Jordan did not present any evidence that Ms. Gannon was the proximate cause of Mr. Brinson's termination decision; that Mr. Brinson followed any recommendation by Ms. Gannon, or that he relied on facts she provided. The evidence is undisputed that Mr. Brinson reviewed the video evidence himself and did not receive or follow any recommendation from Ms. Gannon with respect to Mr. Jordan's involvement, Mr. Brinson's independent investigation, or his decision to terminate Mr. Jordan. The evidence shows that Ms. Gannon's only involvement in the knife incident was to summon Mr. Brinson when Ms. Rock showed her the knife and to submit a statement which did not implicate Mr. Jordan.

6

Mr. Jordan theorizes that Ms. Gannon and Ms. Rock might have placed the knife in the trash to fabricate a reason for Mr. Brinson to fire him due to their bias against him. But his argument is based wholly on speculation, without evidentiary support. "[M]ere speculation, conjecture, or surmise" is insufficient to defeat summary judgment, and "[u]nsubstantiated allegations carry no probative weight." *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004).

Mr. Jordan further asserts that the video does not clearly show him throw out the knife, and argues that a reasonable jury might conclude Mr. Brinson's interpretation of the video evidence was influenced by Ms. Gannon's and Ms. Rock's complaints against him. This argument ignores the undisputed evidence that Mr. Brinson did not rely solely on his own interpretation of the video, but got a second opinion from the loss prevention department which confirmed his interpretation. Moreover, even assuming Mr. Brinson's opinion of Mr. Jordan was somewhat influenced by the earlier complaints against him, that would be insufficient to invoke the subordinate bias doctrine. "To prevail on a subordinate bias claim, a plaintiff must establish more than mere 'influence' or 'input' in the decisionmaking process. Rather, [a plaintiff must show] the biased subordinate's discriminatory reports, recommendation, or other actions *caused* the adverse employment action." *EEOC v. BCI Coca-Cola Bottling Co.*, 450 F.3d 476, 487 (10th Cir. 2006) (emphasis added). The burden is on the plaintiff to prove causation, *id*. at 488, and Mr. Jordan has not met that burden. Mr. Jordan also argues the district court ignored the possibility that Mr. Brinson might have decided to terminate him, rather than

7

discipline him, because he was influenced by Ms. Gannon's alleged bias. This again is mere speculation, which is insufficient to defeat summary judgment, and posits only the theoretical possibility of influence, which is insufficient to show subordinate-bias Title VII liability.

Finally, Mr. Jordan argues there are genuine issues of material fact as to whether Mr. Brinson conducted an independent investigation. *See Lobato v. New Mexico Envtl. Dep't*, 733 F.3d 1283, 1294 (10th Cir. 2013) ("[I]f the employer independently verifies the facts and does not rely upon the biased source—then there is no subordinate bias liability." (citing *Staub*, 131 S. Ct. at 1193). He asserts the district court merely concluded there was an independent investigation, without any analysis. He mischaracterizes the district court's order. The district court noted the following undisputed evidence in support of its conclusion that Mr. Brinson conducted an independent investigation: (1) Ms. Gannon did not suggest Mr. Jordan was responsible for the knife being in the trash, recommend that he be fired, or participate in Mr. Brinson's investigation; (2) Mr. Brinson reviewed the video from the only surveillance camera that showed the relevant area of the store, and concluded on his own that it showed Mr. Jordan scoop up butcher paper with the knife and throw it in the trash; (3) Mr. Brinson asked for and got a second opinion confirming his interpretation of the video from King Soopers' loss prevention department; (4) Mr. Brinson spoke with Mr. Jordan who asked if the knife was found in butcher paper prior to Mr. Brinson divulging that information, and admitted he might have accidentally thrown the knife out with butcher paper; and (5) both

Mr. Brinson's supervisor and King Soopers' labor relations department recommended that Mr. Brinson terminate Mr. Jordan for the safety violation. No reasonable juror could conclude from the evidence that Mr. Brinson blindly relied on Ms. Gannon in his investigation or decision to terminate Mr. Jordan. *See id.* at 1294 (stating a "necessary element to a subordinate bias claim is the decisionmaker's uncritical reliance on facts provided by a biased supervisor." (internal quotation marks and bracket omitted)).

Thus, the district court correctly ruled that on the undisputed evidence, Title VII liability cannot be based on a subordinate bias theory. *See id.* (holding that subordinate bias theory did not apply when the employer had conducted its own independent investigation, uninfluenced by the allegedly biased supervisors).

The judgment of the district court is affirmed.

Entered for the Court


Carolyn B. McHugh
Circuit Judge